U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

---

EBERS ORCHARDS, LLC,

    Plaintiff,

v.

CORE FARMS LLC, and ROGER KROPF,
jointly and severally,

    Defendants.

Docket No.

HON.

**PLAINTIFF'S COMPLAINT**

---

David E. Bevins (P48955)
RHOADES MCKEE
Attorneys for Plaintiff
55 Campau Ave., N.W., Suite 300
Grand Rapids, MI 49503
(616) 235-3500

---

Plaintiff Ebers Orchards, LLC, through its counsel Rhoades McKee, P.C., states as follows in support of its Complaint against Defendants:

**PARTIES**

1.    Plaintiff Ebers Orchards, LLC ("**Ebers**") is a Michigan limited liability company with offices located at 1645 10 Mile Road, N.W., Sparta, Michigan 49345.

2.    Defendant Core Farms LLC ("**Core Farms**") is a Michigan limited liability company with offices located at 60397 C.R. 681, Hartford, Michigan 49057.

3.    Defendant Roger Kropf ("**Kropf**"), on information and belief owns and controls Core Farms, and is a Michigan resident.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the federal questions raised in this action pursuant to 28 U.S.C. § 1331 and 7 U.S.C. § 499e. This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the cause of action arose in this District.

## ALLEGATIONS OF COMMON FACT

6. Paragraphs 1 through 5 are re-alleged as though fully set forth herein.

7. Ebers is in the business of growing apples (perishable agricultural commodities) for sale.

8. Core Farms, at all relevant times, acted as a grower's agent for Ebers by accepting Ebers' apples for storage, and later packing/processing and sale.

9. On information and belief, Core Farms was, at all relevant times, licensed under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("**PACA**").

10. Consistent with its business, in the fall of 2016 (the "**2016/2017 Crop Year**") and in the fall of 2017 (the "**2017/2018 Crop Year**") Ebers delivered apples to Core Farms for storage and later, packing/processing and sale by Core Farms.

11. Until offered for sale by Core Farms, Core Farms received Ebers' apples on consignment, and was obligated to remit to Ebers the net proceeds of the sale of Ebers' apples, after deduction of Core Farms' charges, within the period mandated by the PACA regulations.

12. The parties' agreement called for Core Farms to store Ebers' apples until such time as Core Farms located a buyer, at which time Core Farms would remove the apples from storage, pack and/or otherwise process the apples and deliver the apples to the buyer, on behalf of Ebers,

1898779_2

in exchange for payment. From time to time, Core Farms would pack or process the apples and then place them into storage, but the essential nature of the transaction did not change.

## 2016/2017 CROP YEAR

13. For the 2016/2017 Crop Year, Ebers delivered apples to Core Farms as follows:

| **Deliver Date** | **Ticket/Receiving** | **Variety** | **No. of Bins** |
|---|---|---|---|
| 11/8/2016 | 9384 | Braeburn | 9 |
| 11/8/2016 | 9384 | Fuji | 29 |
| 9/15/2016 | 8809 | Gala | 57 |
| 9/17/2016 | 8814 | Gala | 28.5 |
| 10/8/2016 | 8959 | Golden | 25 |
| 10/10/2016 | 8961 | Golden | 74 |
| 10/16/2016 | 4877 | Golden | 10 |
| 9/17/2016 | 8814 | Honeycrisp | 16 |
| 10/14/2016 | 8982 | Honeycrisp | 4 |
| 11/2/2016 | 9376 | Ida | 78 |
| 9/29/2016 | 6412 | Jons | 96 |
| 10/6/2016 | 9007 | Jons | 96 |
| 10/8/2017 | 8959 | Jons | 29 |
| 11/1/2016 | 9413 | L Rome | 35 |
| 9/6/2016 | 8942 | Mac | 28 |
| 9/8/2016 | 8943 | Mac | 78 |
| 9/22/2016 | 4866 | Mac | 37 |
| 10/28/2016 | 8966 | Mac | 63 |
| 10/10/2016 | 8961 | Red Delicious | 22 |
| 10/11/2016 | | Red Delicious | 93 |
| 10/14/2016 | 8982 | Red Delicious | 92 |
| 10/16/2016 | 4877 | Red Delicious | 48 |
| 10/16/2016 | 4879 | Red Delicious | 84 |
| 10/18/2016 | 8984 | Red Delicious | 41 |
| 10/20/2016 | 8986 | Red Delicious | 96 |
| 10/21/2016 | 9401 | Red Delicious | 84 |
| 10/26/2016 | 9403 | Red Delicious | 84 |
| 10/26/2016 | 9404 | Red Delicious | 84 |
| 10/28/2016 | 8965 | Red Delicious | 90 |
| 10/28/2016 | 8966 | Red Delicious | 33 |
| 10/29/2016 | 8968 | Red Delicious | 90 |
| 10/30/2016 | 8731 | Red Delicious | 90 |
| 11/1/2016 | 9413 | Red Delicious | 26 |
| **Total Bins 2016/2017 Crop Year** | | | **1849.5** |

**Exhibit 1**

3

14. According to the information provided by Core Farms for the first time in September 2017, the value of Ebers' apples sold by Core Farms was $136,568.47. **Exhibit 2**.

15. Of that amount, Core Farms had paid $60,131.79, leaving a balance due of $76,436.68 as of September 12, 2017. *Id*.

16. In a September 19, 2017, letter to the United States Department of Agriculture,[1] Kropf, on behalf of Core Farms, admitted owing $76,436.68, and further admitted that Core Farms used those funds for its own purposes and could not pay Ebers because it could not draw on its line of credit. **Exhibit 3**.

17. Throughout late 2016 and until September 2017, despite repeated requests, Core Farms failed to provide any accounting to Ebers relating to the sale of Ebers' apples for the 2016/2017 Crop Year, contrary to Core Farms' statutory, regulatory and contractual obligations.

18. On or about September 3, 2017, despite not knowing the sale dates of any of the unsold apples from the 2016/2017 Crop Year (and, therefore not knowing whether any funds were due to it) Ebers sent Core Farms a Notice of Intent to Preserve Trust Benefits relating to the apples delivered to Core Farms for 2016/2017 Crop Year (the "**2016 PACA Notice**"). **Exhibit 4**.

19. On or about September 17, 2017, and only after receiving the 2016 PACA Notice, for the first time Core Farms provided to Ebers an accounting for the sale of Ebers' apples from the 2016/2017 Crop Year. *See* **Exhibit 2**.

20. Despite providing the accounting in September 2017, Core Farms did not make any payment at that time.

21. After September 2017, Core Farms made two payments to Ebers relating to the 2016/2017 Crop Year:

---

[1] Ebers initiated an administrative action with the USDA, was assigned PACA Docket No. S-R-2017-318, and which action was dismissed as untimely under the USDA's regulations.

1898779_2

  A. $735.00 paid on or about October 1, 2017.

  B. $25,000.00 paid on or about February 22, 2018.

22. Thus, as of the date of this Complaint, Core Farms owes Ebers $50,701.76 as to the 2016/2017 Crop Year.

## 2017/2018 CROP YEAR

23. For the 2017/2018 Crop Year, Ebers delivered apples to Core Farms as follows:

| Deliver Date | Ticket/Receiving | Variety | No. of Bins |
|---|---|---|---|
| 10/10/2017 | 3041684/9665 | Red Delicious | 96 |
| 10/11/2017 | 3041686 | Red Delicious | 96 |
| 10/17/2017 | 3041691/9300 | Red Delicious | 96 |
| **Total Bins 2017/2018 Crop Year** | | | **288** |

**Exhibit 5**

24. On or about November 22, 2017, Ebers delivered to Core Farms a Notice of Intent to Preserve Trust Benefits under the PACA (the "**2017 PACA Notice**"). *Id*.

25. On or about the dates indicated on each Payment Voucher, Core Farms provided the following accountings, but no payments, demonstrating that Core Farms owed Ebers $23,630.12 relating to Ebers' 2017/2018 Crop Year apple transactions:

  A. 10/31/2017 Payment Voucher demonstrating net payment due to Ebers of $734.68.
  B. 11/7/2017 Payment Voucher demonstrating net payment due to Ebers of $4,242.56.
  C. 11/20/2017 Payment Voucher demonstrating net payment due to Ebers of $1,417.80.
  D. 11/30/2017 Payment Voucher demonstrating net payment due to Ebers of $3,938.65.
  E. 11/27/2017 Payment Voucher demonstrating net payment due to Ebers of $6,089.87.
  F. 12/5/2017 Payment Voucher demonstrating net payment due to Ebers of $4,571.60.
  G. 12/12/2017 Payment Voucher demonstrating net payment due to Ebers of $1,802.84.
  H. 12/15/2017 Payment Voucher demonstrating net payment due to Ebers of $832.12.
   **Exhibit 6**.

1898779_2

26. Adding the amounts due from the 2016/2017 and 2017/2018 Crop Years, demonstrates that Core Farms owes Ebers $74,331.88, not including interest, costs and attorney's fees.

27. The PACA requires Core Farms to account promptly and to make prompt payment to Ebers for all perishable agricultural commodities sold. 7 U.S.C. § 499b(4).

28. Until payment is made the PACA imposes a trust for the benefit of growers, such as Ebers, on certain assets of a dealer/grower's agent, such as Core Farms

29. The PACA trust is imposed on all of Core Farms' inventories of food derived from perishable agricultural commodities, the commodities themselves, and any receivables or proceeds from the sale of such commodities or products. 7 U.S.C. § 499e(c).

30. The PACA provides that trust assets are preserved as a "nonsegregated floating trust." Commingling of trust assets with Core Farms' other assets is contemplated such that any asset purchased or paid for by Core Farms while the trust is in existence is assumed to be purchased or paid for with trust assets and will, therefore, become part of the trust *res* available to satisfy Ebers' claims.. 7 C.F.R. § 46.46(b).

31. Prior to February 6, 2018, no regulation or statutory requirement existed requiring a grower to send a notice to preserve its PACA trust rights against a grower's agent.

32. As a result, and because of the statutory scheme and agency duties owed by Core Farms, Ebers PACA trust rights against Core Farms are preserved absent the providing of any notice.

33. If a notice was required, then the 2016 PACA Notice preserved Ebers' PACA trust rights in the 2016/2017 Crop Year apples because Core Farms, by refusing to account for transactions, precluded Ebers from being able to timely send a PACA notice.

34. If a notice was required, then the 2017 PACA Notice similarly preserved Ebers' PACA trust rights in the 2017/2018 Crop Year apples.

35. Having provided the appropriate notices, Ebers remains a trust beneficiary until Core Farms pays Ebers in full.  7 C.F.R. § 46.46(c)(1).

36. Core Farms is required to maintain trust assets so that the assets are freely available to satisfy all of its outstanding obligations to Ebers.  7 C.F.R. § 46.46(d)(1).

37. Any act or omission inconsistent with maintaining trust assets in such a freely available manner, including dissipation of trust assets, is unlawful and in violation of the PACA. 7 U.S.C. § 499b; 7 C.F.R. § 46.46(d)(1).

38. On information and belief, Core Farms has deposited proceeds from the sale of commodities supplied by Ebers into its various bank accounts so that those accounts are subject to Ebers' PACA trust claim.

39. On information and belief, Core Farms has purchased and/or paid for inventory, equipment, real property holdings and other assets during the time Ebers' trust beneficiary rights have existed, thereby commingling those assets with the PACA trust proceeds.

## COUNT I – VIOLATION OF PACA TRUST (CORE FARMS)

40. Paragraphs 1 through 39 are re-alleged as though fully set forth herein.

41. By failing to pay Ebers promptly, Core Farms has violated its PACA obligations.

42. Ebers has a valid PACA trust in all of Core Farms' cash, bank accounts, real property, and other assets purchased or paid for during the existence of Ebers' trust.

43. The value of Ebers' trust claim against Core Farms is $74,331.88.

44. Ebers' PACA trust claim in Core Farms' assets is superior to any of Core Farms' other non-PACA creditors' rights, whether such creditor is secured by a particular asset or not.

7

WHEREFORE, Ebers requests this Court to grant the following relief:

    A.    Determine that the following are subject to a PACA trust in favor of Ebers:

        1.    All perishable agricultural commodities supplied by Ebers to Core Farms that have not yet been sold and/or Core Farms' inventory of products made by commodities supplied by Ebers;

        2.    All proceeds from the sale by Core Farms of perishable agricultural commodities supplied by Ebers and/or of products made by commodities supplied by Ebers, and all accounts into which such proceeds have been deposited;

        3.    All Core Farms' account receivables generated by the sale of perishable agricultural commodities supplied by Ebers and/or by the sale of products made by commodities supplied by Ebers;

        4.    All cash comingled with proceeds from the sale of Ebers' assets, and real and/or personal property assets purchased or paid for by Core Farms, during the existence of the PACA trust in favor of Ebers.

    B.    Enter a Judgment in favor of Ebers directing Core Farms to pay to Ebers the entire PACA trust amount of $74,331.88, plus common law interest together with pre- and post-filing interest and costs and attorney's fees as permitted by contract or law, and

    C.    Grant such further or different legal or equitable relief this Court deems just.

## COUNT II – VIOLATION OF PACA TRUST (KROPF)

45.    Paragraphs 1 through 44 are re-alleged as though fully set forth herein.

46.    On information and belief, Kropf, as the owner and operator of Core Farms directed or had authority to direct Core Farms' activities.

8

47. By directing Core Farms to retain or divert proceeds subject to the PACA trust instead of paying Ebers, Kropf personally participated in the breach of fiduciary duty, and is therefore personally liable for that breach.

48. Kropf is jointly and severally liable to Ebers for Core Farms' violation of the PACA trust because of his breach of fiduciary duty.

WHEREFORE, Ebers requests this Court to grant the following relief:

A. Determine that all perishable agricultural commodities sold by Ebers to Core Farms, proceeds from the sale of those commodities and receivables generated by those sales in the possession and control of Kropf are held subject to a PACA trust in favor of Ebers; and

B. Enter a Judgment in favor of Ebers directing Kropf to pay to Ebers the entire PACA trust amount of $74,331.88, plus pre- and post-filing interest and costs and attorney's fees as permitted by contract or law, and

C. Grant such further or different legal or equitable relief this Court deems just.

## COUNT III – BREACH OF CONTRACT (CORE FARMS)

49. Paragraphs 1 through 48 are re-alleged as though fully set forth herein.

50. Core Farms agreed to sell apples for Ebers on consignment.

51. Core Farms sold Ebers' apples, but has failed to pay Ebers the net proceeds of the sales in the amount of $74,331.88.

52. Core Farms' failure to pay constitutes a breach of the agreements between the parties.

WHEREFORE, Ebers requests that this Court enter a Judgment against Core Farms in the amount of $74,331.88, plus common law interest together with pre- and post-filing interest and

costs and attorney's fees as permitted by contract or law, together with such further or different legal or equitable relief this Court deems just.

### COUNT IV – CONVERSION (CORE FARMS)

53. Paragraphs 1 through 52 are re-alleged as though fully set forth herein.

54. Core Farms, as consignee, owed a duty of trust to Ebers relating to the apples on consignment.

55. Core Farms' duties included turning over to Ebers the net proceeds of the sale of the apples on consignment.

56. Core Farms breached its duties by failing to turn over the identifiable proceeds to Ebers and by using such proceeds for its own benefit.

57. Core Farms' actions constitute statutory and common law conversion. See MCL §600.2919a.

58. Ebers is entitled to treble damages and to have Core Farms pay for the attorney's fees and costs incurred by Ebers in this matter. *Id*.

WHEREFORE, Ebers requests that this Court enter a Judgment against Core Farms in the amount of $222,995.64, plus common law interest together with pre- and post-filing interest and costs and attorney's fees as permitted by contract or law, together with such further or different legal or equitable relief this Court deems just.

### COUNT V – CONVERSION (KROPF)

59. Paragraphs 1 through 58 are re-alleged as though fully set forth herein.

60. On information and belief, Kropf, as the owner and operator of Core Farms directed or had authority to direct Core Farms' activities.

61. By directing Core Farms to convert the identifiable proceeds of apples held on consignment, Kropf personally participated in the common law and statutory conversion.

62. Kropf is jointly and severally liable to Ebers for Core Farms' conversion.

WHEREFORE, Ebers requests that this Court enter a Judgment against Kropf in the amount of $222,995.64, plus common law interest together with pre- and post-filing interest and costs and attorney's fees as permitted by contract or law, together with such further or different legal or equitable relief this Court deems just.

**SIGNATURES ON NEXT PAGE**

11

1898779_2

## STATEMENT OF VERIFICATION

I am the member of Ebers Orchards, LLC and authorized to make this statement of verification and do verify that the statements in this Complaint are true and accurate to the best of my knowledge information and belief.

Dated: August 23, 2019

EBERS ORCHARDS, LLC
By: Richard Ebers
Its: Member

Subscribed and sworn before me on
August 23, 2019

Heidi Mojzak, Notary Public
Kent County, Michigan
Acting in Kent County, Michigan
My Commission Expires: 01/11/2024

HEIDI MOJZAK
Notary Public – State of Michigan
County of Kent
My Commission Expires Jan 11, 2024
Acting in the County of Kent

Dated: August 23, 2019

RHOADES McKEE
Attorneys for EBERS ORCHARDS, LLC

By: /s/ David E. Bevins
    David E. Bevins (P48955)
Business Address:
    55 Campau Ave., N. W., Suite 300
    Grand Rapids, MI 49503
    Telephone: (616) 235-3500

12